UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


UNITED STATES LIABILITY INS. CO                                                   PLAINTIFF

VERSUS                                               CIVIL ACTION NO. 1:10CV175-LG-RHW

GOLDIN METALS, INC. et al                                                        DEFENDANTS


**ORDER GRANTING MOTION TO QUASH**

Before the Court is Plaintiffs' (Goldins) [91] Motion to Quash the Deposition of Patrick

Finnegan.  Finnegan also has filed a [92] Motion to Quash in his own right asserting essentially

the same arguments as the Goldins.  The Goldins are defendants in a related civil suit filed in the

United States District Court for the Northern District of Georgia.  *See NCI Group v. Cannon*

*Services, Inc.*, 1:09cv441.  The Goldins tendered defense of the NCI lawsuit to Plaintiff, United

States Liability Insurance Company (USLIC), pursuant to a liability insurance policy issued by

USLIC.  USLIC initially denied the Goldins' request for defense.  The Goldins then retained the

firm Helmsing, Leach, Herlong, Newman & Rouse P.C., to defend them in the NCI lawsuit.

Finnegan is one of the attorneys representing the Goldins in the NCI lawsuit.  USLIC filed the

instant lawsuit for declaratory relief against the Goldins regarding the scope of insurance

coverage under the liability insurance policy issued by USLIC.  USLIC has scheduled the

deposition of Finnegan for January 19, 2012.

The Goldins argue that Finnegan's notice of deposition should be quashed because any

information that may be obtained from Finnegan is protected by the attorney-client privilege or

work-product doctrine.  USLIC argues that it should be allowed to depose Finnegan to inquire

into the reasonableness of his fees in conjunction with the NCI lawsuit.  USLIC asserts that

Finnegan's fees are the subject of the Goldin's counterclaim for the recovery of attorney fees;

therefore, they have waived any claim of privilege by placing the recovery of fees at issue.

As a general matter, depositions of opposing counsel are disfavored and should be

permitted only in limited or unusual circumstances.  *See Nguyen v. Excell Corp.*, 197 F.3d 200,

209 (5th Cir. 2000); *Buford v. Holladay*, 133 F.R.D. 487, 491 (S.D. Miss. 1990).  A request to

depose opposing counsel may provide good cause for the issuance of a protective order.  *Nguyen*,

197 F.3d at 209; *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 721-22 (6th Cir. 1996).

Finnegan represents the Goldins in a related, ongoing lawsuit.  Although Finnegan is not listed

individually as counsel of record in the instant lawsuit, his law firm is listed as counsel of record

for the Goldins.  Thus, in effect, USLIC seeks to depose opposing counsel in pending litigation

in this Court.

When determining whether to allow the deposition of opposing counsel, the Court

examines three factors:  (1) whether other means exist to obtain the information; (2) if the

information is relevant and non-privileged; and (3) if the information is crucial to the preparation

of the case.  *Nguyen*, 197 F.3d at 208 (citing *Shelton v. Amer. Motors Corp.*, 805 F.2d 1323 (8th

Cir. 1986)).  USLIC could determine reasonableness of fees through billing statements or other

documentary evidence;  therefore, there are other means for obtaining the information.  USLIC

does not offer any argument or even suggestion that Finnegan is the only source of information

regarding the reasonableness of his fees.  In fact, the Goldins represent that they already provided

USLIC with unredacted billing invoices.  Although Finnegan's testimony presumably would be

relevant, much of the information would be privileged based on the attorney-client relationship

between Finnegan and the Goldins.  Finnegan's deposition might be helpful in USLIC's

preparation of the case, but given other conceivable sources of information, the Court does not

find Finnegan's deposition to be "crucial".

At the very least, Finnegan's deposition creates the potential for significant prejudice to

the Goldins.  The Mississippi Supreme Court and the Fifth Circuit have identified potential

conflicts of interest as a basis for allowing an insured to select its own counsel.  When an insurer

defends under a reservation of rights, the insured must be given the opportunity to select its own

counsel to defend the claim; and the carrier must pay the legal fees reasonably incurred in that

defense.  *Moeller v. American Guarantee and Liability Ins. Co.*, 70 So.2d 1062, 1069 (Miss.

1996).  One of the reasons articulated for granting the insured the opportunity to select its own

counsel is that the "insurer might gain access to confidential or privileged information in the

process of the defense which it might later use to its advantage in the litigation concerning

coverage."  *Id.*  The Fifth Circuit also recognized that this holding in *Moeller* can prevent

prejudice to the insured by preventing the insurer from gaining access to confidential or

privileged information.  *See Twin City Fire Ins. Co. v. City of Madison, Miss.*, 309 F.3d 901, 908

(5th Cir. 2002).

The Court disagrees with USLIC's characterization that the Goldins placed the recovery

of Finnegan's fees at issue such that it waived the attorney-client privilege.  The Goldins may

have placed the *recovery* of fees at issue.  However, it is USLIC who challenges the

*reasonableness* of those fees.  Regardless, the Court finds that Finnegan's notice of deposition

should be quashed because USLIC has failed to demonstrate limited or unusual circumstances

that would justify taking the deposition of opposing counsel, especially in light of the holdings in

*Moeller* and *Twin City*.  Finnegan's deposition would allow USLIC to gain unwarranted access to

confidential or privileged information relating to the disputed coverage issue, information that could then be used against the Goldins both in the NCI lawsuit pending in Georgia, as well as in the instant lawsuit.  Therefore, the Court finds that the deposition should not be allowed at this time.

IT IS THEREFORE ORDERED AND ADJUDGED THAT the [91, 92] Motions to Quash are GRANTED.

SO ORDERED, this the 17th day of January, 2012.

s/ *Robert H. Walker*
UNITED STATES MAGISTRATE JUDGE